This will was not effectively "canceled," because the intended cancellation was not done in the particular manner prescribed by the above statute. If the attempted cancellation be considered a revocation, the statute again stands in the way, because it is specifically provided therein that a will can be revoked only by "some other will" or by "some other writing" of the testator "executed with the same formalities with which the will itself was required by law to be executed."

It is earnestly contended by the contestant that the testamentary act of the testator should be given the same legal effect as though he had said: "If I die unmarried, this shall be my will." A sufficient answer to this contention is the fact that the provisions of the will itself and the testimony show that the testator did not make a conditional or contingent will. Assuming that the testator believed that his marriage had revoked or canceled his will, and that it was his desire to provide for his wife in another will or to leave her provided for by his dying intestate, such intention would have no more effect in law than that of a testator who had drawn his own will in disregard of the statute of wills. In either case it is well settled that it is the intent of the Legislature, and not the intent of the testator, which must prevail. There is the same necessity in both cases for a substantial compliance with the statutes.

I am therefore constrained to admit to probate the instrument offered as the last will and testament of the deceased. Submit decision and decree, and tax costs on notice.

Probate decreed.

---

## In re FREIJE'S ESTATE.

(Surrogate's Court, New York County. April 9, 1915.)

EXECUTORS AND ADMINISTRATORS ⬪═⪦471—SETTLEMENT OF ACCOUNT—"CREDITORS OF DECEDENT'S ESTATE"—STATUTE.

Under Code Civ. Proc. § 2768, subd. 3, defining "creditors of a decedent's estate" as including every person having a claim or demand upon which a judgment for a sum of money could be recovered, and under Code Civ. Proc. § 449, providing that every action must be prosecuted in the name of the real party in interest, where creditors of a decedent did not present their claims, but assigned them to another person before the account of the administratrix was filed, they were not such creditors of the estate as must be cited to attend the judicial settlement of the account of the administratrix, under Code Civ. Proc. § 2730, providing that upon the judicial settlement of such account all creditors or persons claiming to be creditors must be cited, except such as by vouchers filed with the account appear to have been paid.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2018–2024; Dec. Dig. ⬪═⪦471.]

Proceedings upon the settlement of a decree presented by the administratrix of the estate of Kalil Freije. Decree signed.

Adolphus D. Pape, of New York City, for petitioner.
Strouse & Strauss, of New York City, for M. & C. Mayer.
Warren C. Fielding, of New York City, special guardian.

FOWLER, S. The question which arises upon the settlement of the decree presented by the administratrix is whether creditors who did not present their claims for admission or rejection, but who assigned them to another person before the account of the administratrix was filed, should be cited to attend the settlement of the account. Section 2730, C. C. P., provides that upon the judicial settlement of the account of an executor or administrator all creditors or persons claiming to be creditors of the decedent, except such as by vouchers filed with the account appear to have been paid, must be cited. Subdivision 3 of section 2768, C. C. P., defines "creditor" as including every person having a claim or demand upon which a judgment for a sum of money could be recovered in an action. A person who has assigned his claim against a decedent cannot after such assignment recover judgment upon the claim, as an action upon such claim could only be brought in the name of the real party in interest, namely, the assignee. Section 449, C. C. P.

Therefore the assignor of such a claim is not a creditor of the estate and need not be cited to attend the judicial settlement of the account of the legal representative of the decedent. Costs taxed and decree signed.

---

## In re ADAMS' ESTATE.

(Surrogate's Court, New York County. April 10, 1915.)

WILLS ⬳754—CONSTRUCTION—SPECIFIC BEQUEST—SHARES OF STOCK.

Where testatrix, by will executed when she owned 166 shares of mining stock and 33 shares of stock in a cattle company, devised it in trust to two legatees, the shares of the cattle company were afterwards exchanged for shares of the mining company, and the mining company in the lifetime of testatrix declared stock dividends, distributing an accumulated surplus, so that testatrix received 472 shares in dividends and at her death owned 654 shares of the mining stock, there was a specific bequest of the 166 shares as of the time the will was executed, and the legatees were entitled to all the shares held by testatrix at her death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1945, 1946; Dec. Dig. ⬳754.]

In the matter of the estate of Margaret M. Adams. Petition by executors filing their account for the construction of a clause of the will. Will construed, and decree to be submitted.

William R. Brinckerhoff, of New York City, for petitioners.

Steele & Otis, of New York City (Harold Otis, of New York City, of counsel), for Rosalie Fanshawe and Margaret M. Clarke.

Frank B. Washburn, of New York City, special guardian.

FOWLER, S. The executors of decedent's estate have filed their account, and they ask the court to construe a certain clause of the will so that proper distribution of the estate may be made among the legatees.

After appointing her son to succeed her as trustee of a trust fund created by the will of her mother for the benefit of Rosalie Fanshawe